UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| FRANK J. CAIN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:24CV667 (RCY) |
| | ) | |
| SHENELL ANTOINETTE GOLDWARE, | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

In its Order to Show Cause entered on September 29, 2025, the Court granted *pro se* Plaintiff Frank J. Cain's application to proceed in forma pauperis ("IFP Application") but directed Plaintiff to file an Amended Complaint curing the deficiencies noted in the Order to Show Cause. Order, ECF No. 2. Plaintiff was warned that failure to comply with the terms of the Order to Show Cause could result in dismissal of the action. *Id*. On October 14, 2025, Plaintiff filed an Amended Complaint, ECF No. 4, which became the operative Complaint in this action, per the Court's Order to Show Cause. However, the newly filed Complaint fails to cure the deficiencies noted in the Order to Show Cause or otherwise abide by the terms of the Order and once again fails to state a claim upon which this Court can establish jurisdiction.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff brings this action against Shenell Antoinette Goldware, whom he identifies as his cousin. Am. Compl. ¶ 3. For "a number of years," Plaintiff lived in a trailer on Defendant's property. *Id.* Plaintiff states that from "either 2005 or 2007 until 2016" Defendant was Plaintiff's "representative payee" for his Social Security benefits. *Id.* ¶ 4. In sum, Plaintiff alleges that Defendant abused this role. Specifically, Plaintiff alleges that Defendant deposited Plaintiff's

Social Security payments into her account and "misappropriated a lump sum survivor's benefit due to Plaintiff in an approximate amount of $70,000." *Id.* ¶ 7. Plaintiff further alleges that Defendant forged Plaintiff's signature on durable power of attorney documents and thus was able to take control of his bank accounts. *Id.* ¶ 6. In addition, Plaintiff claims that Defendant titled his vehicle in her name and has retained possession of Plaintiff's trailer, truck, boat, shed, and other personal property. *Id.* ¶ 5.

Plaintiff seeks $260,000 in compensatory and punitive damages. *Id.* at 4.

## II. ANALYSIS

In Plaintiff's original Complaint, Plaintiff asserted the following claims: "18 U.S.C. 287 (False Claims), 371 (Conspiracy), and 1001 False Statemen[t.]" Compl. 3. As articulated in the Court's Show Cause Order, however, these claims are matters of criminal law, which Plaintiff may not bring as a private citizen. Order 2, ECF No. 2 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). In deference to Plaintiff's *pro se* status, the Court ordered Plaintiff to submit an Amended Complaint that cured the issues identified in the original Complaint. *Id.*

Now, Plaintiff brings two different claims against Defendant. Count One states a claim for conversion, arising out of the various property Defendant allegedly deprived Plaintiff of. *Id.* ¶¶ 5, 7. Count Two states a claim for fraud, arising out of Defendant's alleged forging of Plaintiff's signature on power of attorney documents. *Id.* ¶ 6.

The Court finds it lacks jurisdiction over Plaintiff's Amended Complaint. It is well established that federal courts have limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). A federal court may generally adjudicate a claim that arises under federal law, pursuant to 28 U.S.C. § 1331, or if all of the requirements for diversity of citizenship are met, pursuant to 28 U.S.C. § 1332. Here, the Court finds that Plaintiff has established neither

federal question nor diversity jurisdiction. Plaintiff's Amended Complaint does not assert any claims arising out of federal law; instead, Plaintiff's tort claims for fraud and conversion arise exclusively out of state law. In order for the Court to establish subject matter jurisdiction over Plaintiff's state law claims, Plaintiff must satisfy the requirements of diversity jurisdiction: namely, diversity of citizenship between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. While Plaintiff's damages exceed the amount in controversy requirement, Plaintiff does not establish diversity of citizenship between himself and Defendant. From the record before the Court, it appears that Plaintiff and Defendant are both Virginia residents. Accordingly, because Plaintiff has not asserted any cognizable claims based on federal law and diversity of citizenship is lacking, the court cannot exercise jurisdiction over Plaintiff's state law claims.

## III. CONCLUSION

Plaintiff's failure once again to plead a viable cause of action warrants dismissal of the action. Accordingly, the action will be dismissed without prejudice.

An appropriate Order shall issue.

_____ /s/ RCY

Roderick C. Young
United States District Judge

Date: November 6, 2025
Richmond, Virginia